Case 5:25-cv-00256   Document 25   Filed on 12/31/25 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
December 31, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **ADRIAN DAVID GOMEZ-CONCEPCION,** § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | **CIVIL ACTION NO. 5:25-CV-00256** |
| § | |
| **KRISTI NOEM,** *et al.*, § | |
| § | |
| Respondents. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Petitioner Adrian David Gomez-Concepcion's Petition for Writ of Habeas Corpus, (Dkt. 1), and Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction, (Dkt. 2), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

For the reasons set forth below, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is GRANTED IN PART. Respondents' Motion to Dismiss, in the Alternative, for Summary Judgment, (Dkt. 21), is DENIED. Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction, (Dkt. 2), is DENIED as moot.

Respondents are ORDERED to immediately release Mr. Gomez-Concepcion, or to conduct a bond hearing under 8 U.S.C. § 1226(a) on or before **January 7, 2026.**

## BACKGROUND

This case is one of a growing number before this Court that challenge a recent change to the Department of Homeland Security's interpretation of the applicable statutory authority for the detention of noncitizens. *See, e.g., Fuentes v. Lyons*, 5:25-cv-00153, Dkt. No. 15 (S.D. Tex. Oct. 16, 2025). On July 8, 2025, ICE adopted its new legal position in a memo entitled "Interim

Guidance Regarding Detention Authority for Applicants for Admission." (*See* Dkt. 1 at 8–11; Dkt. 2 at 5.) The memo states that 8 U.S.C. § 1225(b)(2), rather than 8 U.S.C. § 1226(a), is the applicable immigration detention authority for all noncitizens who are applicants for admission. (*See* Dkt. 1 at 8–11.) Subsequently, on September 5, 2025, the Board of Immigration Appeals (BIA) issued a published decision in line with this interim guidance, holding that immigration judges lack authority to hear bond requests or to grant bond to noncitizens who are present in the United States without admission because they are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (*See id.*); *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).

### A. Mr. Gomez-Concepcion

Petitioner Adrian David Gomez-Concepcion ("Petitioner" or "Mr. Gomez-Concepcion") is a 28-year-old citizen of Cuba who fled Cuba due to persecution he suffered on account of his political opinion and LGBT identification. (*See* Dkt. 1 at 4; Dkt. 21 at 2.) Mr. Gomez-Concepcion entered the United States on or about May 26, 2022, without inspection between ports of entry. (Dkt. 1 at 4; Dkt. 21 at 2; Dkt. 22 at 1.) DHS encountered Mr. Gomez-Concepcion, issued a warrant for his arrest, placed him into removal proceedings, and then released him on his own recognizance pending the outcome of his removal proceedings. (*See* Dkt. 1 at 4; Dkt 21 at 2; Dkt. 22 at 1–4.) Mr. Gomez-Concepcion filed an I-589 application for asylum and withholding of removal on January 26, 2023. (*See* Dkt. 1 at 4; Dkt. 21 at 2.)

Mr. Gomez-Concepcion was subsequently re-arrested by ICE near San Antonio, Texas when he appeared for a scheduled immigration court hearing on May 29, 2025. (Dkt. 1 at 4; Dkt. 21 at 3.) He requested a custody redetermination from the immigration judge but was denied because the immigration judge found that it did not have jurisdiction. (Dkt. 1 at 5; Dkt. 21 at 3;

Dkt. 22 at 5–8.) Mr. Gomez-Concepcion remains in ICE custody and is currently detained at the La Salle County Regional Detention Center in Encinal, Texas. (Dkt. 1 at 5.)

Mr. Gomez-Concepcion filed for a writ of habeas corpus challenging his continued detention on December 8, 2025. (Dkt. 1.) In his Petition, Petitioner requests declaratory and injunctive relief based on claims that Respondents have unlawfully detained him without a bond hearing pursuant to mandatory detention under 8 U.S.C. § 1225(b)(2) in violation of the Immigration and Nationality Act (INA), the Due Process Clause and the Equal Protection Clause of the Fifth Amendment, the Administrative Procedure Act (APA), the Suspension Clause of Article I, and in violation of existing regulations under the *Accardi* doctrine. (Dkts. 1, 24); *see also* 8 U.S.C. §§ 1226(a), 1225(b)(2).

## Legal Standard

A district court has jurisdiction to grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241. "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to the lawfulness of immigration-related detention. *See, e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 516–17 (2003); *Baez v. Bureau of Immigr. & Customs Enf't*, 150 F. App'x 311, 312 (5th Cir. 2005) (unpublished); *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) (unpublished).

## Discussion

The issue before the Court is principally one of statutory interpretation: whether Petitioner is properly subject to immigration detention under 8 U.S.C. § 1225(b)(2), which allows for

mandatory detention during removal proceedings, or whether he is instead detained under 8 U.S.C. § 1226(a), which provides for discretionary detention and a possibility for his release from custody on bond. Respondents' position is that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) as a noncitizen "seeking admission," while Petitioner argues that he has been misclassified by DHS and is instead subject to discretionary detention with the potential to be released on bond because 8 U.S.C. § 1226(a) is the applicable statutory authority for the detention of noncitizens who are already present in the country at the time of apprehension. (*See* Dkt. 1 at 8–14; Dkt. 2 at 7–8; Dkt. 21 at 5–7.)[1]

In their Response, Respondents argue that Petitioner failed to exhaust administrative remedies and that the Court should dismiss the petition because Petitioner is properly detained under § 1225. (Dkt. 21.) Respondents decline to address Mr. Gomez-Concepcion's claims under the APA, the *Accardi* Doctrine, the Suspension Clause, and the Fifth Amendment and instead focus on his claim that § 1226(a) rather than § 1225(b)(2) is the applicable legal authority for his detention as a matter of statutory interpretation. (*Id.* at 5–7.) Respondents argue that a plain language reading of the relevant INA provisions, developments in agency interpretation of the

---

[1] On November 25, 2025, the Central District of California granted class certification in *Maldonado Bautista v. Santacruz*, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), for a class of petitioners affected by DHS's Interim Guidance Regarding Detention Authority for Applicants for Admission. The "Bond Eligible Class" is comprised of "all noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Maldonado Bautista*, 2025 WL 3288403, at *1. The Court ordered briefing from the parties to address whether Petitioner is a member of the certified class. (Dkt. 8.) The Government asserts that Petitioner is not a member of the *Maldonado* class "because Petitioner was apprehended within a few days of his arrival." (Dkt. 21 at 2.) Petitioner does not contest Respondents' assertion that he is not a member of the certified class. (Dkt. 24 at 1.) Given that the Court finds there are independent grounds upon which to grant relief, the Court will decline to address the issue of Mr. Gomez-Concepcion's membership in the class.

INA, and prior legal precedent support a reading of § 1225(b)(2) rather than § 1226(a) as the applicable statutory authority for Petitioner's detention. (*Id.*). Respondents' arguments regarding failure to exhaust administrative remedies and statutory construction mirror those that this Court addressed previously in *Fuentes v. Lyons*, 5:25-cv-00153, Dkt. No. 15 (S.D. Tex. Oct. 16, 2025) and that numerous other courts across this district and across the country have considered. *See Buenrostro-Mendez v. Bondi*, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025) (collecting cases).

As such, "[t]he Court need not repeat its analysis, especially where that analysis is consistent with 'the overwhelming majority' of courts to consider these issues in recent months." *Erazo Rojas v. Noem,* 2025 WL 3038262, at *1 (W.D. Tex. Oct. 30, 2025) (quoting *Buenrostro-Mendez,* 2025 WL 2886346, at *3). Because Respondents have failed to offer new controlling precedent or novel reasoning that would justify reaching a different result in this case than in prior cases, the Court is unpersuaded to alter its prior position with respect to this issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who previously entered the United States and was later apprehended within the interior, the applicable authority for his detention is 8 U.S.C. § 1226(a). (*See* Dkt. 22 at 1–4.) This finding is based on the statutes' plain text, congressional intent, canons of statutory interpretation, legislative history, and longstanding agency practices. *See Fuentes v. Lyons*, 5:25-cv-00153, Dkt. No. 15 (S.D. Tex. Oct. 16, 2025); *see also Rodriguez v. Bostock*, 2025 WL 2782499, at *1 n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases).

Thus, the Court holds that because it is 8 U.S.C. § 1226(a), not 1225(b)(2) that applies to Petitioner, his detention without a bond hearing is unlawful.[2]

---

[2] Mr. Gomez-Concepcion challenges his detention on both statutory and constitutional grounds. As in its previous treatment of the issue, the Court "'will decline to decide the merits' of the due process claim 'given that the Court will grant the relief he seeks based on its interpretation of the

**Conclusion**

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is GRANTED IN PART. Respondents' Motion to Dismiss, in the Alternative, for Summary Judgment, (Dkt. 21), is DENIED. Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction, (Dkt. 2), is DENIED as moot.

Respondents are ORDERED to immediately release Mr. Gomez-Concepcion, or to conduct a bond hearing under 8 U.S.C. § 1226(a) on or before **January 7, 2026.**

If released, Respondents must notify Mr. Gomez-Concepcion's counsel of the exact time and location of his release **no less than three hours** prior to releasing him.

No later than **January 9, 2026, at 5:00 P.M. Central Standard Time (CST),** the Parties shall provide the Court with a status update on the outcome of any bond hearing conducted pursuant to this Order, or if no bond hearing is held, advise the Court as to the status of Mr. Gomez-Concepcion's release from custody pursuant to this Order. The parties should also notify the Court if the Government seeks a stay of the bond decision under 8 C.F.R. § 1003.19(i).

IT IS SO ORDERED.

SIGNED this December 31, 2025.

_____
Diana Saldaña
United States District Judge

---

applicability of § 1226(a).'" *See Buenrostro-Mendez*, 2025 WL 2886346, at *3 n.4 (quoting *Pizarro Reyes v. Raycraft*, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025). The Court will also decline to address Mr. Gomez-Concepcion's APA and *Accardi* challenges at this time.